UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

BRAD HOLT and BOBBIE HOLT, )
Individually and as Next Friends for )
M.H. and M.H., )
                                                      )
      Plaintiffs, )
                                                      )
    vs. )          Case No. 2:21CV16 RLW
                                                      )
SCOTLAND COUNTY JUVENILE OFFICE, )
JIM KIGAR, A.A., and )
RANDALL and JENNY ALDRIDGE, )
                                                      )
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the Separate Motion of Defendants Randall and Jenny Aldridge to Strike Allegations of Punitive Damages Pursuant to Mo. Rev. Stat. §510.261 (ECF No. 30), Separate Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Randall and Jenny Aldridge (ECF No. 31), and Defendant Scotland County Juvenile Office's Motion to Dismiss (ECF No. 38). These matters are fully briefed and ready for disposition. As discussed herein, the Court grant the motions to dismiss.

    **A. Factual Background[1]**

Brad Holt and Bobbie Holt are the natural and legal guardians of Plaintiff M.H., who is nine years old. (First Amended Complaint ("FAC"), ECF No. 17, ¶¶ 1, 2). On or about April 19,

---

[1] When reviewing a Rule 12(b)(6) motion to dismiss, the Court must assume the allegations in the complaint to be true and construe the complaint in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F.Supp.2d 1016, 1021 (E.D. Mo. 2013); *A.O.A. v. Rennert*, 350 F. Supp. 3d 818, 834 (E.D. Mo. 2018).

2020, A.A., who is sixteen years old, was alone with M.H. at Brad Holt's residence, and sexually assaulted M.H.  (FAC, ¶¶ 5, 9-12).  On or around April 21, 2020 Jenny Aldridge agreed to supervise A.A. and ensure he was not around any children younger than himself.  (FAC, ¶13). Following the incident, Jim Kigar, Chief Juvenile Officer of the Juvenile Office of the First Judicial Circuit of the State of Missouri, represented that he was recusing himself from the case and the matter would be handled by an out-of-county juvenile officer. (Comp., ¶¶ 4, 14). Plaintiffs, however, allege that Kigar continued to be involved in the case.   Plaintiffs allege Kigar failed to ensure M.H. was protected from A.A. while on school property and at school-related events, despite being contacted by the Scotland County School District.  (FAC, ¶¶ 15-21).   Prior to August 26, 2020, the Scotland County Juvenile Office negotiated a disposition of the allegations against A.A. in the juvenile division, without any input from Brad and Bobbi Holt.  (FAC, ¶ 22). On September 11, 2020, Scotland County Juvenile Office provided written notice to Scotland County School regarding the allegations made against A.A., including allegations of child molestation, sodomy, sexual abuse, and sexual misconduct.  (FAC, ¶ 24).   A.A. was immediately suspended from school.  (*Id.*)  After his suspension from school, A.A. continued to travel in community unsupervised, including driving past the home of M.H.   (FAC, ¶¶ 25-26).

On September 11, 2020, A.A. appeared before the Juvenile Division of the Scotland County Circuit Court and attempted to enter an admission regarding an amended allegation filed by the Scotland County Juvenile Office.  (FAC, ¶ 27).  The amended charge changed the allegation from Forcible Sodomy in the First Degree and six other associated allegations to a single allegation of Felony Assault and a single allegation of misdemeanor sexual abuse.  (*Id.*)  Brad and Bobbie Holt presented statements to the Court, indicating their opposition to this negotiated disposition.  The Circuit Court rejected the proposed disposition and questioned the Scotland County Juvenile Office's attorney as to why the charges changed.   The Scotland County Juvenile

Office attorney indicated he believed the evidence would have supported the original charges, but he was directed to file the amended charge.  (FAC, ¶ 27).

After the Circuit Judge recused himself from the matter, the Scotland County Juvenile Office consented to the assignment of the case to a neighboring circuit judge, who is a well-known friend and associate of the attorney for A.A.  (FAC, ¶ 28).  Despite the objections of Brad and Bobbie Holt, the Scotland County Juvenile Office did not file a request for a change of judge.  *Id*.

On December 4, 2020, A.A. admitted to the allegations in the Second Amended Petition, acknowledging that he "knowingly caused physical injury to M.H. by holding her down and poking her in the vagina."

**B.  Procedural Background**

On May 5, 2021, Plaintiffs filed a First Amended Complaint, alleging claims for Civil Rights Violation against Scotland County Juvenile Office (Count 1), Civil Rights Violation against Jim Kigar (Count 2), Assault and Battery against A.A. (Count 3), False Imprisonment against A.A. (Count 4), Negligence against Randall and Jenny Aldridge (Count 5), and Request for Injunctive Relief (Count 7).[2]  On May 19, 2021, Defendants Randall and Jenny Aldridge filed a Motion to Strike Allegations of Punitive Damages Pursuant to Mo. Rev. Stat. § 510.261 (ECF No. 30) and Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 31).  On June 18, 2021, Defendant Scotland County Juvenile Office filed its Motion to Dismiss (ECF No. 38).  On August 30, 2021, the Court issued its show cause Order (ECF No. 47), noting that Plaintiffs had not responded to any of the motions to dismiss or the motion to strike, and ordered Plaintiffs to respond or the Court would rule on the unopposed motions.  On September 13, 2021, Plaintiffs

---

[2] Plaintiffs do not allege a Count 6 in the First Amended Complaint.  In the injunctive relief, "Plaintiffs respectfully request this Court enter an order directing that A.A. be prohibited from being on the property or grounds of the Scotland County Public School, or otherwise being present at any public event at which Scotland County Public School is a participant, for so long as M.H. remains a student enrolled at that school." (FAC at 16).

3

filed their Response to the Separate Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Randall and Jenny Aldridge (ECF No. 52). On September 21, 2021, Randall and Jenny Aldridge filed their Reply in Support of their Motion to Dismiss and Strike Plaintiffs' Claim for Punitive Damages (ECF No. 56). Plaintiffs have not filed a response to Defendants Randall and Jenny Aldridge's Motion to Strike Allegations of Punitive Damages Pursuant to Mo. Rev. Stat. § 510.261 or Defendant Scotland County Juvenile Office's Motion to Dismiss.

### C. Motions to Dismiss

#### 1. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). Several principles guide the Court in determining whether a complaint meets the plausibility standard. The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

#### 2. Randall and Jenny Aldridge

In Count 5, Plaintiffs purport to allege a negligent supervision claim against Defendants Randall and Jenny Aldridge. Plaintiffs acknowledge that Missouri law requires a duty of care between Plaintiff and Defendant. (ECF No. 52). Plaintiffs contend that "Defendants agreed to supervise [A.A.], thereby establishing a legal duty to protect Plaintiff [M.H.] from future harm." (ECF No. 52, ¶ 4 (citing FAC, ¶ 17)). Plaintiffs state that "[b]y agreeing to supervise their son, Defendants assumed a legal duty of care to Plaintiff M.H., to ensure that there was no further contact between Defendants' son and the victim of his assault." (ECF No. 52, ¶ 5). Plaintiffs state that Jenny and Randall Aldridge "failed to attend to that duty on August 23, 2020[.]" (*Id*. (citing FAC, ¶ 21)).

"Missouri courts have held that the duty to supervise is narrow, requiring 'the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of a duty of care.'" *Cook v. Smith*, 33 S.W.3d 548, 553 (Mo. Ct. App. 2000) (quoting *Hill ex rel. Hill v. Herbert Hoover Boys Club,* 990 S.W.2d 19, 22 (Mo. Ct. App. 1999)). "To establish a claim for negligent supervision of a minor, a plaintiff must plead and prove: (1) the defendant had a legal duty to use ordinary care to protect the minor against unreasonable risks of harm; (2) the defendant breached that duty; (3) proximate cause between the breach and the resulting injury; and (4) actual damages." *Am. Fam. Mut. Ins. Co. v. Parnell*, 478 S.W.3d 489, 493–94 (Mo. Ct. App. 2015) (citing *O.L. v. R.L.,* 62 S.W.3d 469, 474 (Mo. Ct. App. 2001)). "[T]he gravamen of the cause is the supervisor's obligation and ability to control the child and not the supervisor's control over the instrumentality (whether human, mechanical or other) which causes the harm." *O.L.,* 62 S.W.3d at 474.

Here, Plaintiffs provide no legal citation for their claim that Randall and Jenny Aldridge owed a legal duty to M.H. based upon the Aldridge's supervision of A.A. The Court finds no basis for imposing a legal duty on Randall and Jenny Aldridge to supervise M.H. Indeed,

5

Missouri courts have repeatedly found legal duty to a plaintiff based upon a party's alleged control over a perceived instrumentality of harm (A.A. in this instance).  *O.L.,* 62 S.W.3d at 474; *Cook v. Smith*, 33 S.W.3d 548, 553 (Mo. Ct. App. 2000).   Absent a legal duty to M.H., the Court finds that Plaintiffs have not stated a claim against Randall and Jenny Aldridge. *See Hill ex rel. Hill v. Herbert Hoover Boys Club,* 990 S.W.2d 19, 22 (Mo. Ct. App. 1999)(dismissing cause of action because coach had no duty to supervise minors playing on opposite team). The Court dismisses the negligent supervision claim against Randall and Jenny Aldridge for failure to state a claim.

### 3. Scotland County Juvenile Office

In Count I of the First Amended Complaint, Plaintiffs allege a claim for "Civil Rights Violation by Scotland County Juvenile Office."  Plaintiffs allege that Scotland County Juvenile Office has a "duty to ensure a crime victim is reasonably protected from the accused[.]"  (FAC, ¶ 33).   Plaintiffs allege that the Scotland County Juvenile Office had a "further duty to facilitate the discipline of A.A., who is a child who comes within the jurisdiction of the juvenile court based upon the criminal allegations against him and his minor age." (*Id*.)   Plaintiffs allege that Scotland County Juvenile Office failed in their duties in several respects: (1) failed to take reasonable steps to protect M.H. from further contact and exposure to A.A. (FAC, ¶ 34), (2) failed to perform statutory duties to report the allegations made against A.A. to Scotland County School District within the appropriate time frame as required by law (FAC, ¶ 35), and "failed to properly train and supervise its employees regarding their legal obligations to protect the victim, to discipline the offending child, and ensure the victim is aware of their [sic] constitutional rights under both federal and state law" (FAC, ¶ 36).  Plaintiffs further allege that Scotland County Juvenile Office's failure resulted in M.H. suffering harm to her emotional well-being, which entitles her to compensatory damages.  (FAC, ¶ 38).

### a. Proper Party

The only claim against the Scotland County Juvenile Office is under 42 U.S.C. §1983. Scotland County Juvenile Office argues in its Motion to Dismiss that it is not a proper party to a § 1983 action.

Section 1983 of Title 42 provides, "[e]very person who, under color of [law] causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable." "Section 1983 provides a cause of action against 'persons' only." *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir.1991). For purposes of § 1983, a state is not a "person." *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Aubuchon v. State of Mo.*, 631 F.2d 581, 582 (8th Cir. 1980) ("[Section] 1983 is directed at individuals acting under color of state law, not individual states. The State of Missouri is not a proper party to an action brought under § 1983."). Suit against a state instrumentality qualifies an action against the state itself, and therefore, for purposes of § 1983, a state agency or instrumentality is not a "person." *See Stanton v. Johnson*, 13 Fed. Appx. 441, 441 (8th Cir.2001) ("[A]bsent waiver of Eleventh Amendment immunity, neither state nor its agencies may be subject to suit in federal court.") (*citing Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).[3]

---

[3] Additionally, a § 1983 claim cannot generally be brought against a state official in their "official" capacity. *Steed v. Missouri State Highway Patrol*, No. 4:17CV1440 HEA, 2019 WL 130282, at *2 (E.D. Mo. Jan. 8, 2019). The Supreme Court has clearly stated that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. However, § 1983 suits can be brought against state officials acting in their "individual" (or "personal") capacity. At this time, however, no motion to dismiss has been filed on behalf of Defendant Jim Kigar.

The Court holds that Plaintiffs' §1983 claim against Defendant Scotland County Juvenile Office fails because it qualifies as an allegation against the state. Scotland County Juvenile Office is an instrumentality of the state of Missouri. *See* §478.063 (circuit judges have the power to create juvenile divisions); *McKlintic v. 36th Jud. Cir. Ct.*, 464 F. Supp. 2d 871, 875 (E.D. Mo. 2006) ("Mo.Rev.Stat. § 478.063 statutorily confers on the circuit court judges the power to create juvenile divisions. The Judicial Circuit is, therefore, an entity of the State of Missouri."). Plaintiffs cannot bring a § 1983 suit against Scotland County Juvenile Office because it is not a "person" under § 1983. The Court dismisses Count 1 against the Scotland County Juvenile Office.

### b. Eleventh Amendment Immunity

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. 11. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Tr. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). "The Eleventh Amendment encompasses not only actions where the state is actually named as a defendant, but also certain actions against state instrumentalities." *McKlintic*, 464 F. Supp. 2d at 874–75 (citing *Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 429–30 (1997). The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees. *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989).

"The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity." *Bingham v. Marker*, No. 8:21CV288, 2021 WL 4263448, at *1 (D. Neb. Sept. 20, 2021) (citing *Egerdahl v.*

8

*Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995)).  The Court holds that Scotland County Juvenile Office, as a state instrumentality, is immune from suit under the Eleventh Amendment.  The Court dismisses the § 1983 claim against Defendant Scotland County Juvenile Office on this basis as well.

Accordingly,

**IT IS HEREBY ORDERED** that Separate Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Randall and Jenny Aldridge (ECF No. 31), and Defendant Scotland County Juvenile Office's Motion to Dismiss (ECF No. 38) are **GRANTED**.   Counts1 and 5 of the First Amended Complaint are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Separate Motion of Defendants Randall and Jenny Aldridge to Strike Allegations of Punitive Damages Pursuant to Mo. Rev. Stat. §510.261 (ECF No. 30) is **DENIED** as moot.

Dated this 19th day of November, 2021.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

9