**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRAD HOLT, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:21-CV-16 RLW |
| | ) | |
| SCOTLAND COUNTY JUVENILE OFFICE | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action was referred to alternative dispute resolution (ADR) on February 1, 2022. (Order Referring Case to Alternative Dispute Resolution ("ADR Referral Order"), ECF No. 66). As part of the ADR Referral Order, Plaintiffs' counsel was required to provide the Designation of Neutral/ADR Conference Report form no later than February 11, 2022.   Despite being contacted by the Court, Plaintiffs' counsel has not complied with this Court's ADR Referral Order.   On March 2, 2022, this Court issued a show cause order, requiring Plaintiffs show why they had not provided their Designation of Neutral/ADR Conference Report, no later than March 8, 2022.  (ECF No. 68).  The Court warned Plaintiffs that failure to respond to the Court's Order would result in the Court striking the pleadings and/or possible dismissal of this action for failure to prosecute. To date, Plaintiffs have not responded.

Plaintiffs have repeated failed to comply with this Court's Orders and to prosecute their lawsuit. As stated, Plaintiffs were referred to ADR more than one month ago, on February 1, 2022. (ECF No. 66).  Plaintiffs failed to provide the Designation of Neutral/ADR Conference report by February 11, 2022.  An Electronic Notice of Noncompliance (ECF No. 67) was entered by the Court on February 14, 2022.  The Court issued its show cause order on March 3, 2022 (ECF No.

68), and Plaintiffs failed to respond by the Court's March 8, 2022 deadline.  Therefore, the Court dismisses Plaintiffs' lawsuit due to lack of prosecution pursuant to Fed. R. Civ. P. 41(b).  *See Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005) (Luney's action was dismissed "pursuant to Rule 41(b), an involuntary dismissal, because of Luney's failure to prosecute her claims"). "An involuntary dismissal under Rule 41(b) is with prejudice unless stated otherwise by the district court." *Id.*; *see also* Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' lawsuit is **DISMISSED** with prejudice.

An appropriate Order of Dismissal is filed herewith.

Dated this 10th day of March, 2022.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**